# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### NORTHERN DIVISION
### ASHLAND

**Civil Action No. 06-94-HRW**

**RAY BELL CONSTRUCTION
COMPANY, INC.**

**PLAINTIFF,**

**v.**     **MEMORANDUM OPINION AND ORDER**

**ABS SERVICES, INC. and
AMERICAN SAFETY CASUALTY
INSURANCE COMPANY,**     **DEFENDANTS.**

This matter is before the Court upon Defendant American Safety
Casualty Company's Motion for Summary Judgement [Docket No. 42].   The
motion has been fully briefed by the parties [Docket 51 and 66] and carefully
considered by the Court.  For reasons that follow, the Court finds that
summary judgment would not be appropriate.

**BACKGROUND**

This civil action arises from the construction of a retaining wall at the
Elliot County Medium Security Correctional Facility.

In 2001, Plaintiff RayBell Construction ( hereinafter "Ray Bell")
entered into a contract with the Commonwealth to serve as Builder for the

Elliot County facility.

In January 2002, Plaintiff Ray Bell subcontracted Defendant ABS Services, Inc. (hereinafter "ABS") to install approximately 3,900 square feet of mechanically stabilized earth retaining wall.

Pursuant to the Subcontract, ABS furnished Raybell with performance and labor bonds, which name RayBell as the obligee, ABS as principal and Defendant American Safety Casualty Insurance Company (hereinafter "ASCIC") as surety.

The wall was completed in February 2002. In the spring of 2004, water began weeping out of the wall face and the wall appeared to be moving.

The record contains correspondence between Raybell and ABS regarding the wall's failure. RayBell contends that it demanded that ABS perform the remedial work necessary to repair the wall but that ABS initially failed to do so, thereby causing RayBell to terminate the subcontract.

Ultimately, in late April 2005, RayBell and ABS entered into another contract pertaining to the repair of the wall (hereinafter "Repair Contract") wherein ABS agreed to repair the wall to the satisfaction of the

Commonwealth.   ABS and RayBell agreed to share, and share equally, the projected cost of repair.  ASCIC was not a party to the Repair Contract.

The repairs were completed by ABS in June 2005.

On June 15, 2006, RayBell instituted this civil action against ABS and ASCIC.  In its Complaint, RayBell claims that as a result of ABS's breach of the aforementioned agreements, it incurred $81,243.39 in remediation costs in addition to other damages.   With regard to ASCIC, RayBell alleges that it is liable for ABS' breach of the aforementioned agreements pursuant to the terms of the bond.

ASCIC seeks judgment as a matter of law as to RayBell's claims against it.  ASCIC contends that RayBell's lawsuit, as it pertains to ASCIC, is barred by the time limitation set forth in the performance bond.  The bond limits the time for civil actions to "two years from the date on which final payment is due."   The subcontract, in turn,  provides that final payment is due within "fifteen days after completion of the work, acceptance of the same and payment by the owner."

ASCIC argues that payment was "due" sometime in 2002.   As the instant action was not filed until 2006, ASCIC concludes that it is untimely

3

pursuant to the terms of the bond.

In the alternative, ASCIC argues that RayBell did not comply with the conditions precedent set forth in the bond.   The subject bond provides that "[w]henever [ABS] shall be, and is declared by [Raybell] to be in default under the Contract . . . ." ASCIC shall act promptly to remedy said default. ASCIC maintains that RayBell did not declare ABS to be in default. Thus, the bond was discharged, as was ASCIC's obligation under the same.

In opposing ASCIC's motion, RayBell  maintains that final payment has not fallen "due" as it has yet to receive full payment from the Commonwealth.   Therefore, the bonds 2-year clock has not begun to run, much less run out.   As such, RayBell asserts that its lawsuit was filed within the time frame established by the bond.

As for the requisite declaration of default, RayBell refers to the correspondence in the record and argues that the same constitutes sufficient notice to ASCIC of ABS's default and the appurtenant obligation of ASCIC.

### STANDARD OF REVIEW

Summary judgment is appropriate where the evidence shows "that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law."   Fed.R.Civ.P. 56( c).

## ANALYSIS

It is axiomatic that a surety's obligation does not arise unless and until its principal defaults.  In this case, the liability of ABS has yet to be adjudicated.  As ASCIC's obligation is premised upon the fault of ABS, to declare judgment in favor of or against ASCIC would be premature. Therefore, without reaching the merits of the motion, the Court finds that summary judgment would not be appropriate at this time.

Moreover, factual issues preclude summary judgment.  Questions regarding the timing and adequacy of payment by the Commonwealth to RayBell as well as the whether default  was declared sufficiently loom large. As such, summary judgment cannot be sustained.

Accordingly, **IT IS HEREBY ORDERED** that Defendant American Safety Casualty Company's Motion for Summary Judgement [Docket No. 42] be Defendant American Safety Casualty Company's Motion for Summary Judgement [Docket No. 42] **OVERRULED**.

This May 7, 2008.



Signed By:

_Henry R Wilhoit Jr._

United States District Judge